[No. 7394. Decided April 13, 1909.]

THOMAS F. SULLY *et al.*, *Appellants*, v. JOHN BUSHELL, *Respondent*.[1]

CONTRACTS—RESCISSION—LANDLORD AND TENANT—LEASE—ASSIGNMENT. A contract for the assignment of a lease requiring the landlord's consent thereto is mutually rescinded where the landlord refused to consent to the assignment, the assignee was notified thereof, and the earnest money was returned by check, which the assignee accepted and held for seven months.

Appeal from a judgment of the superior court for King county, Yakey, J., entered December 18, 1907, in favor of the defendant, dismissing an action on contract, after a trial on the merits before the court without a jury. Affirmed.

*Shepard & Flett*, for appellants.
*Smith & Cole*, for respondent.

MORRIS, J.—On January 12, 1907, appellants and respondent entered into negotiations for the assignment of a certain lease then held by respondent, for which appellants agreed to pay the sum of $250. They paid $200 of such sum, and respondent gave them a receipt reading as follows:

"Seattle, Washington, January 12, 1907.

"Received of Sully & Ball the sum of $200 to apply on payment of a bonus of $250 to secure the rental of the business location now occupied by the Seattle Auction Company, at 809 and 811, Pike street, with basements under 807, 809, and 811, Pike street, for which the rental is to be $150 per month for a term ending June 1, 1911; the agreement to be drawn up in duplicate and signed by the parties concerned to insure a proper protection of the right of each.

"John Bushell."

No further agreement was ever entered into, and appellants never entered into possession of the premises. On September 13, 1907, appellants commenced this action, alleging the re-

[1] Reported in 100 Pac. 995.

fusal of respondent to give them possession of the premises; that the value of the premises was $250 per month, and demanding damages at the rate of $100 per month. Respondent answered, alleging the refusal of appellants to enter into the proposed agreement, and that on February 20, 1907, the parties being unable to reach a further agreement, he returned the $200, and by the consent of all parties the negotiations were ended. The case was tried by the court without a jury, resulting in judgment for respondent.

Much contention is made in the briefs as to whether the writing above set out is a contract for a lease, or a mere receipt for the payment of money. We do not care to enter upon a discussion of that question, as in our view of the case it is immaterial. It appears from the evidence, and the court so found, that the lease held by the respondent contained a provision against assignment without the consent of the landlord, and that this fact was communicated to appellants during the negotiations of January 12; that on February 20, following, respondent informed appellants that the landlord would not consent to the assignment of the lease; that he thereupon gave them his check for $200 in return for the payment made on January 12, which appellants received; and that they had cancelled all negotiations. These findings were sufficient to justify the judgment, and in view of the conflicting evidence upon which they are based, we do not care to disturb them.

It further appears that appellants did not cash the check, nor did they return it, nor was any attempt made to conclude the matter further, up to the commencement of this action, nearly seven months thereafter. If appellants did not desire to accept the check in settlement of the controversy, they should have returned it or given respondent some intimation of their unwillingness to accept it.

The judgment is affirmed.

DUNBAR, GOSE, FULLERTON, CROW, MOUNT, CHADWICK, and PARKER, JJ., concur.